# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| DAVID STOLTS, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:09-CV-1195 CAS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Movant David Stolts' Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255. The government has responded and the motion is fully briefed and ready for decision. For the following reasons, the Motion to Vacate will be dismissed.

## Background

Movant was indicted on November 28, 2007, and charged with one count of possession with the intent to distribute in excess of five hundred grams of a mixture or substance containing a detectable amount of methamphetamine. Movant filed pretrial motions to suppress evidence and statements, but later sought to withdraw those motions and waived his right to a hearing on any evidentiary issues prior to trial. On February 19, 2008, the Magistrate Judge conducted a hearing and found that Movant was waiving his rights to file pretrial motions knowingly and voluntarily.

Movant's jury trial began on May 5, 2008, and lasted two days. Before the case was submitted to the jury, Movant stated on the record that he understood he had a right to testify, he had discussed that right thoroughly with his attorney, he had discussed the right at length with his mother, and he had made the decision not to testify. Movant was convicted of the sole count in the indictment.

On September 2, 2008, Movant was sentenced to a term of 120 months incarceration, which was below the Sentencing Guidelines range of 121-151 months. At sentencing, the Court advised movant of his appeal rights. Movant appealed his conviction, challenging the sufficiency of the evidence. Movant's conviction was affirmed. See United States v. Stolts, 321 F. App'x 539 (8th Cir. 2009). Movant timely filed this motion for post-conviction relief on July 29, 2009.

**Grounds**

Movant raises the following six grounds in his § 2255 Motion:

    1. The conviction was obtained by use of a coerced confession.

    2. Trial counsel was ineffective because when Movant asked for advice, the attorney told him, "I can't advise you, you have to make up your own mind on what to do," and did not offer any options.

    3. No reasonable jury could have found movant guilty because "there was no actual proof that I had 'knowledge of possession' of a 5 gallon bucket, in a pile of junk behind my truck."

    4. The government unconstitutionally failed to disclose evidence favorable to the defendant when (1) it did not conduct fingerprint or DNA analysis on the 5-gallon bucket containing the substance at issue, because the bucket had already been destroyed before trial, and (2) the "lab technician witness" could not explain the three different colors of the methamphetamine.

    5. Movant was denied the right to appointment of an attorney and rehearing on appeal when his pro se motion for the appointment of different counsel and for rehearing was denied by the Eighth Circuit Court of Appeals.

    6. Facts favorable to Movant were not made known to the jury or Court., specifically, that "I was physically abused, (punched in forehead and pinched carotid artery) when they told me to tell where I had the main "meth" ingredients hidden, which I did not possess. . . ."

**Legal Standard**

Pursuant to 28 U.S.C. § 2255, a defendant may seek relief on grounds that the sentence was imposed in violation of the Constitution or law of the United States, that the court lacked jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the

sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. To warrant relief under § 2255, the errors of which the movant complains must amount to a fundamental miscarriage of justice. Davis v. United States, 417 U.S. 333 (1974); Hill v. United States, 368 U.S. 424, 428 (1962). The Supreme Court has stated that "a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982).

A movant faces a "heavy burden" to establish ineffective assistance of counsel in the context of section 2255. United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). To prevail on an ineffective assistance of counsel claim, a movant must show both that (1) counsel's performance was deficient, and (2) he was prejudiced by the deficient performance. See McReynolds v. Kemna, 208 F.3d 721, 722 (8th Cir. 2000) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). A court may address the two prongs in any order, and if the movant fails to make a sufficient showing of one prong, the court need not address the other prong. Strickland, 466 U.S. at 697; Fields v. United States, 201 F.3d 1025, 1027 (8th Cir. 2000).

Under the deficient performance inquiry of Strickland, a court considers whether counsel's performance was reasonable "under prevailing professional norms" and "considering all the circumstances." Burkhalter v. United States, 203 F.3d 1096, 1098 (8th Cir. 2000) (quoting Strickland, 466 U.S. at 688). It is presumed that counsel acted reasonably, and much deference is granted to counsel's performance. Id.; see Parkus v. Bowersox, 157 F.3d 1136, 1139 (8th Cir. 1998). Prejudice is shown if there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. "Because the failure to establish prejudice can be dispositive of a case," this Court "need not address the reasonableness of the attorney's behavior if the movant cannot prove prejudice." Apfel, 97 F.3d

3

at 1076 (citations omitted). Further, statements which are self-serving and unsupported by evidence do not establish a basis for relief under section 2255. Apfel, 97 F.3d at 1077.

"A § 2255 motion 'can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003) (quoting Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)).

**Discussion**

    **A. Conviction was Obtained by Use of Coerced Confession**

In the first ground, Movant asserts that his conviction was obtained by the use of a coerced confession. Movant's basis for this ground is as follows:

> My story kept changing because I was trying to tell them what they wanted to hear so they would quit the mental and physical abuse. For my written statement, I was coerced into what words to write, "or something like that', or they would also take my 75 year old mother, who has a bad heart, to jail. This in violation of my privilege against self-incrimination. (My mother was also coerced, with jail threats, so she would sign their papers that were not filled out yet).

§ 2255 Mot. at 5.

Movant did not raise this issue in his direct appeal. Movant's claim that the conviction was obtained by use of a coerced confession could have been raised on direct appeal of his conviction. If a claim could have been raised on direct appeal but was not, it cannot be raised in a § 2255 motion unless the movant can show both (1) a "cause" that excuses the default, and (2) "actual prejudice" resulting from the errors of which he complains. See Frady, 456 U.S. at 168; Matthews v. United States, 114 F.3d 112, 113 (8th Cir. 1997), cert. denied, 522 U.S. 1064 (1998). If a movant is unable to show "cause" and "actual prejudice," he must make a "substantial claim that constitutional error has caused the conviction of an innocent person . . . ." Schlup v. Delo, 513 U.S. 298, 321 (1995).

4

A claim of actual innocence must be based on "new evidence," and must convince the Court that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Schlup, 513 U.S. at 327. See also Embrey v. Hershberger, 131 F.3d 739, 741 (8th Cir. 1997) (applying Schlup actual innocence standard in the context of a § 2255 motion), cert. denied, 525 U.S. 828 (1998). A movant's pro se status does not excuse procedural default. Stewart v. Nix, 31 F.3d 741, 743 (8th Cir. 1994) (citing Stanley v. Lockhart, 941 F.2d 707, 710 (8th Cir. 1991)). Movant has not attempted to show cause and prejudice and does not assert actual innocence, and therefore this ground is procedurally barred.

Moreover, if this ground was not procedurally barred, it is without merit because it is refuted by the record. Movant filed motions to suppress evidence and statements and the government responded to the motions. Movant subsequently decided not to proceed on his motions to suppress evidence and statements and sought to withdraw them. Prior to permitting the withdrawal, the Magistrate Judge conducted an extensive examination of Movant regarding his desire to withdraw the motions. Movant was placed under oath on February 19, 2008 and testified that he understood his right to have his motions to suppress evidence and statements heard by the Court:

> THE COURT: All right. Now, Mr. Stolts, under the Federal Rules of Criminal Procedure, the rules that govern this court, there are certain motions that must be made at this pretrial stage of the case or else you lose the right to make those motions later on in the case. Do you understand that?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: Now, those motions include certain challenges you might make to the indictment itself or the way it was handed down by the grand jury, and they also include any motions to suppress evidence. Do you understand that, sir?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: I'm going to talk to you for a few minutes about motions to suppress evidence. Do you understand, sir, that if you believe the government obtained any evidence from you unlawfully or by violating your rights that you can come into this

court and file a motion to suppress that evidence, basically arguing the government shouldn't be allowed to use this evidence against me because the government got this evidence by violating my rights? Do you understand that?

THE DEFENDANT: Yes, ma'am.

THE COURT: And your attorney did, in fact, file such a motion on your behalf. And, likewise, sir, if you made any statements to officers or agents, and it appears that you did, and if you believe that those statements were not voluntary or were obtained in violation of your rights, you could also come into this court and file a motion to suppress those statements, which, in fact, your attorney had also filed on your behalf. Do you understand that, sir?

THE DEFENDANT: Yes, ma'am.

THE COURT: And had you not withdrawn your motions, had you wished to proceed on those motions, we would have had a hearing here today and the government would have called one or more witnesses to describe the circumstances under which any evidence was obtained from you or any statements were made by you. You would be present with your attorney, you'd have the right to cross-examine those witnesses, and you'd have the right to present your own evidence and testimony if you so desired. Do you understand that?

THE DEFENDANT: Yes, ma'am.

THE COURT: And once that hearing was over, I'd make up my own mind whether I believed any evidence or any statements should be suppressed. And I would have ruled on any other pretrial motions that you might have filed as well. And I would have made a report and recommendation about those matters to the district judge, in this case to Judge Shaw. And if you disagreed with any of my rulings, you could file objections and then Judge Shaw would make those decisions himself. Do you understand that?

THE DEFENDANT: Yes, ma'am.

THE COURT: And do you understand that by withdrawing your motions and waiving your right to proceed on pretrial motions here today, we won't have any pretrial hearing like that in your case. You understand that?

THE DEFENDANT: Yes, ma'am.

THE COURT: And do you also understand that to the extent you may wish to claim that certain evidence or certain statements shouldn't be allowed to be used against you because they were obtained by violating your rights, that this is the time to make that motion. You understand that?

6

THE DEFENDANT: Yes, ma'am.

THE COURT: And that later on in this court proceeding should you proceed to trial, or should you enter into some form of plea and be facing a sentencing, you are not going to be able to claim then that certain evidence or statements shouldn't be allowed to be used against you because they were obtained by violating your rights. The reason you won't be able to make that argument later on is because you'll have been found to given up that right standing here today. Do you understand that, sir?

THE DEFENDANT: Yes, ma'am.

THE COURT: And do you understand you won't able to change your mind about this decision even though you don't like how things turned out later on?

THE DEFENDANT: Yes, ma'am.

THE COURT: And have you discussed this decision with your attorney, sir?

THE DEFENDANT: Yes, ma'am.

THE COURT: Was he able to answer any questions that you might have?

THE DEFENDANT: No, ma'am.

THE COURT: Did he answer any questions that you had?

THE DEFENDANT: Oh, yes, ma'am, he answered all the questions I had.

THE COURT: All right. And do you have any questions for me about the decision that you're making here today?

THE DEFENDANT: No, ma'am.

THE COURT: And can you tell me, Mr. Stolts, knowing all that I have said to you, is it still, in fact, your desire to withdraw the motions previously filed on your behalf and waive your right to proceed on pretrial motions and waive your right to an evidentiary hearing?

THE DEFENDANT: Yes, ma'am.

THE COURT: And finally, sir, can you tell me, has anybody made any promises to you or threatened you or tried to force you in any way to get you to withdraw your motions and waive your right to an evidentiary hearing?

THE DEFENDANT: No, ma'am.

> ....
>
> THE COURT: Then I do find based upon the representations of counsel and my discussions with Mr. Stolts, that his decision to withdraw the motions previously filed on his behalf and waive his right to file or proceed on pretrial motions and waive his right to an evidentiary hearing is a knowing and voluntary and intelligent decision on his part, and I will accept that waiver.

Tr. of Waiver of Motions Hearing at 3-9 (Doc. 98 in <u>United States v. David Stolts</u>, Case No. 4:07-CR-690 CAS (E.D. Mo.))

Because Movant waived his right to have a hearing on the motions to suppress evidence and statements, he cannot now claim that his statements to police were the result of coercion. Under 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence imposed against him on the ground that "the sentence was imposed in violation of the Constitution . . . of the United States." Movant was extensively advised that he could not bring up any issues regarding the admission of statements during a later proceeding if he chose to waive his motion to suppress. Movant stated that he understood his rights and that he wanted to waive those rights. Because Movant waived his right to have a hearing on any pretrial motions and the Magistrate Judge found that the Movant's waiver was knowing and voluntary, he cannot claim that his constitutional rights were violated by the admission of his statements. <u>See</u> <u>United States v. Garrido</u>, 995 F.2d 808, 814-15 (8th Cir. 1993) (finding that the defendant waived his right to make a constitutional challenge).

Movant asserts in his reply memorandum that he was "unaware and not capable of making proper, informed decisions" at the February 19, 2008 evidentiary because of taking "heavy pain medication" as a result of recent surgery. Reply at 1. Movant asserts that he answered "Yes, ma'am" to Judge Fleissig's questions at the evidentiary hearing because his attorney told him to do so, and that he did not know what suppressing evidence meant, or what withdrawing his motions meant. <u>Id.</u> at 2.

The Court interprets Movant's reply as asserting a substantive competency claim, because he is asserting that he was not competent to waive his pretrial motions. See Vogt v. United States, 88 F.3d 587, 590-91 (8th Cir. 1996) (discussing substantive and procedural competency claims). A denial of either substantive or procedural competency to stand trial is a proper ground for relief under 28 U.S.C. § 2255. Weisberg v. Minnesota, 29 F.3d 1271, 1276 (8th Cir. 1994), cert. denied, 513 U.S. 1126 (1995). The issue is whether Movant was competent to waive his pretrial motions. See Vogt, 88 F.3d at 591. The test for determining competency is whether a defendant has "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and whether he has "a rational as well as a factual understanding of the proceedings against him." Godinez v. Moran, 509 U.S. 389, 396 (1993) (quoting Dusky v. United States, 362 U.S. 402, 402 (1960)).

"The burden of persuasion [is] on petitioner to show that he was incompetent by a preponderance of the evidence." Vogt, 88 F.3d at 591. It is not enough for Movant to simply state that he was heavily medicated at the time of the hearing on his motion to withdraw pretrial motions. See, e.g., Tweedy v. United States, 435 F.2d 702, 703 (8th Cir. 1970) ("[b]eing a chronic alcoholic does not equate with being incompetent to plead guilty") (citing Crawn v. United States, 254 F. Supp. 669 (M.D. Pa. 1966) ("[t]hat there may be something mentally wrong with a defendant or that he may be emotionally unstable does not necessarily render him mentally incompetent to understand the proceedings against him"). "A prisoner or movant is not entitled and need not be permitted after his conviction or plea of guilty to make bald charges of mental incompetency . . . for the purpose of simply obtaining an excursion from the penitentiary." Simmons v. United States, 227 F. Supp. 778, 785 (W.D. Ark. 1964) (citing Hayes v. United States, 305 F.2d 540, 543 (8th Cir. 1962) (per curiam)). Before Movant would be entitled to proceed and to have a hearing on his motion, he must

9

support his claim of incompetence by factual allegations. Id. (citing Hartman v. United States, 310 F.2d 447, 448 (6th Cir. 1962) (per curiam); Fisher v. United States, 317 F.2d 352, 354 (4th Cir. 1963); United States v. McNicholas, 298 F.2d 914, 916 (4th Cir. 1962)).

This is the first time Movant has raised the issue of his mental competence. Assuming this ground is properly raised by means of a Reply, Movant has not offered any factual allegations to support his claim, which is refuted by the record. Movant attempts to rely solely on the transcript of the hearing on his motion to withdraw the pretrial motions to support his ground. The record does not support his claim, however, and instead shows that the Magistrate Judge thoroughly inquired into Movant's mental and physical condition, and received Movant's assurance that none of the medications he was taking affected his ability to think clearly:

> THE COURT: All right. Thank you. Mr. Stolts, my name is Audrey Fleissig. I'm a United States Magistrate Judge. And is it, in fact, your desire, sir, to withdraw the motions previously filed on your behalf and waive your right to file pretrial -- to proceed on pretrial motions in this case?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: All right. Now, Mr. Stolts, I'm going to spend a few minutes talking to you about the decision you're making here today.
>
> THE DEFENDANT: Okay.
>
> THE COURT: I'm likely to repeat things Mr. Dede has already discussed with you.
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: I'm going to need to make sure you understand the decision you're making here today and the consequences of that decision. Okay?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: Now, before I do that, sir, can you tell me, is there anything about your physical or mental condition today that would make it hard for you to understand this court proceeding?
>
> THE DEFENDANT: No, ma'am.

> THE COURT: All right. Now, I know you've had some real health issues in the past several weeks. Are you currently taking any medications for that, sir?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: All right. And are you taking the medications that have been prescribed for you?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: All right. And do any of those medications affect your ability to think clearly?
>
> THE DEFENDANT: No, ma'am.
>
> THE COURT: All right. Mr. Stolts, if at any time you don't hear what I'm saying or you don't understand what I'm saying, will you just interrupt me and let me know?
>
> THE DEFENDANT: Yes, ma'am, I will.
>
> THE COURT: And how are you doing today?
>
> THE DEFENDANT: I'm all right.
>
> THE COURT: All right. Are you able to stand for another ten minutes?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: All right. If you do need to sit down at some time, you'll let me know, all right?
>
> THE DEFENDANT: Yes, ma'am.

Tr. of Waiver of Motions Hrg. at 3-4.

The Magistrate Judge impliedly acknowledged Movant's recent surgery and specifically inquired into his use of medication. Movant appropriately answered each the Magistrate Judge's questions, acknowledged that he was taking medication, but denied that the medication had any effect on his ability to think. As a result, Movant's assertion that he was rendered incompetent by medication he was taking before, during and after the February 19, 2008 evidentiary hearing is refuted by the record as quoted above. Movant is therefore not entitled to relief on this ground.

11

**B. Ineffective Assistance of Counsel**

Movant's second ground is that his trial attorney was ineffective because when Movant asked for advice, the attorney told him, "I can't advise you, you have to make up your own mind on what to do," and did not offer any options. § 2255 Motion at 4.

As stated above, to prevail on an ineffective assistance of counsel claim, a movant must show both that (1) counsel's performance was deficient, and (2) he was prejudiced by the deficient performance. See McReynolds, 208 F.3d at 722 (citing Strickland, 466 U.S. at 687). Movant's allegations are insufficient to establish either prong of the Strickland test, as Movant has failed to allege any facts to indicate which questions his attorney did not answer, and how the failure to answer specific questions resulted in prejudice to Movant. In addition, Movant's ground is refuted at least in part by the record. During the hearing on Movant's waiver of pretrial motions, movant testified under oath that his attorney had answered all of his questions concerning the decision to waive pretrial motions. Tr. of Motion Waiver Hrg. at 8-9. Furthermore, the lengthy on-the-record colloquy between movant and his attorney at trial regarding the issue of whether or not movant was going to testify shows that Movant's attorney spent significant amounts of time discussing that issue with his client and, after all of the information was provided, properly left the final decision up to Movant. See Trial Transcript, Vol. II at 57-60 (Doc. 86 in United States v. Stolts, No. 4:07-CV-690 CAS). This ground should therefore be dismissed.

**C. The Jury's Verdict was Unreasonable and Contrary to the Facts**

Movant alleges in his third ground, "A reasonable jury's conclusion would have been, there was no actual proof that I had 'knowledge of possession' of a 5 gallon bucket, in a pile of junk behind my truck. I have never been previously convicted by a jury of a crime or incarcerated in my entire life." § 2255 Mot. at 5.

This ground is not properly raised in a Section 2255 proceeding, and the sufficiency of the evidence was raised on his direct appeal. See Bear Stops v. United States, 339 F.3d 777, 780 (8th Cir. 2003) (holding that issues previously considered on direct appeal cannot be reconsidered in a motion pursuant to Section 2255). This ground should therefore be dismissed.

**D. Failure to Disclose Favorable Evidence**

Movant's fourth ground states as follows:

> **Unconstitutional failure of the prosecution to disclose evidence favorable to defendant**.
> According to the police report there was as evidence, a lidless 5 gallon bucket containing the substance in question, that **should have been fingerprinted** or DNA taken. The prosecution witness claimed they could not longer do that because they had **already destroyed** the evidence bucket **before trial**. Also their **expert** lab technician **witness** testified that she could not explain the **3 different colors** of powder, used as evidence against the accused, because she had never seen it like that before. (She only tested **TAN powder**, according to the police report). The **bagged evidence colors** were: **white, cream, and tan** in color.

§ 2255 Mot. at 4 (emphasis in original).

Although Movant labels this ground as the government's failure to disclose favorable evidence, he does not allege any facts to support the contention that the government had favorable evidence it did not disclose. Movant does not assert what favorable evidence testing of the bucket would have revealed, or the significance of the lab technician's testimony. To the extent Movant is asserting that the police should have conducted certain testing on the contents of the five-gallon bucket or should not have destroyed the evidence, the issue is not cognizable under Section 2255. The testimony presented by the government at trial, including the results of tests on the liquid found in the five-gallon bucket, was addressed on Movant's direct appeal challenging the sufficiency of the evidence, and cannot be reconsidered in this Section 2255 motion. See Bear Stops, 339 F.3d at 780. This ground should therefore be dismissed.

13

### E. Denial of Right to Appointed Counsel and Rehearing

In his fifth ground, Movant asserts that his constitutional rights were violated when the Eighth Circuit Court of Appeals denied his motion for appointment of new counsel and for rehearing by the panel, filed after the Eighth Circuit issued its decision affirming Movant's conviction. See Orders of June 5, 2009 and June 29, 2009, in United States v. Stolts, No. 08-3311 (8th Cir.)

This ground does not raise issues that are cognizable under Section 2255, and therefore should be dismissed.

### F. Favorable Evidence Not Disclosed to Jury

Movant's final ground states as follows:

> The judge and jury were not made aware I was physically abused, (punched in forehead and pinched carotid artery) when they told me to tell where I had the main "meth" ingredient hidden, which I did not possess. Street salable "meth," or the main ingredients for manufacturing methamphetamine, such as, Sudafed pills, anhydrous ammonia, lithium batteries, etc. were **not** found. The items seized as evidence were household dishes, small appliances, cleaning supplies, and normal items found around the house of an auto mechanic, ex-auto radiator repairman, welder, etc. Some one put their bi-product (sic) of making meth in a pile of junk in my driveway **"WITHOUT" my knowledge**, to either pick up later or to **frame me**.

§ 2255 Mot. at 4 (emphasis in original).

This ground, as set forth in the § 2255 motion, does not assert a claim that is cognizable under § 2255. The Court notes that Movant's trial counsel cross-examined the government's witnesses on these issues, and discussed them in closing argument, so the issues were brought to the jury's attention.

Liberally construing Movant's filings, it appears from statements in Movant's Reply that Movant may be asserting that he and/or his mother did not testify at trial as a result of ineffective

assistance of counsel.[1] Movant also states in his § 2255 Motion that "[t]he attorney would not let me testify in court about 3 different colors of powder as evidence submitted by the prosecution." § 2255 Mot. at 4, ¶ 13.

Criminal defendants have a constitutional right to testify on their own behalf. Rock v. Arkansas, 483 U.S. 44, 49 (1987). Because the right to testify is a fundamental constitutional guarantee, only the defendant himself can make the decision to waive the right. See Jones v. Barnes, 463 U.S. 745, 751 (1983) ("the accused has the ultimate authority to make certain fundamental decisions regarding the case, as to whether to . . . testify in his or her own behalf"). A defendant's waiver of his right to testify should be made knowingly and voluntarily. United States v. Bernloehr, 833 F.2d 749, 752 (8th Cir. 1987). The Eighth Circuit has stated, however, that a "defendant may not . . . indicate at trial his apparent acquiescence in his counsel's advice that he not testify, and then later claim that his will to testify was 'overcome.'" Id.

The record shows that Movant and his attorney had contemplated that Movant would testify, but during the trial, after speaking with his attorney and his mother at length, Movant made the decision not to testify. After the decision was announced to the Court, the following record was made:

> THE COURT: . . . Okay. It's the Court's understanding that it is the defendant, Mr. David Stolts, decision not to testify and we're going to make a record to that effect at this time. Mr. Dede, anything you wish to say in that regard?

---

[1]Movant's Reply states in pertinent part:

My attorney did not tell my mother that she would not testify, until the trial went to the jury for a decision. I could not say anything in court or I would be charged with contempt, according to my attorney. He never mentioned or explained anything at length, about us testifying.

Reply at 3.

MR. DEDE: David, you and I have been talking about this since the inception of this case?

THE DEFENDANT: Yes, sir.

MR. DEDE: And as a matter of fact, we have -- we have kind of gone through the issues of testifying, not testifying, and we've taken the tact [sic] before that you were going to testify. And you and I and your mother have had a long conversation today and other times about you testifying?

THE DEFENDANT: Yes, sir.

MR. DEDE: And at several points in time you were willing to testify?

THE DEFENDANT: Yes, sir.

MR. DEDE: And you and I and your mother just had a long conversation about testimony given the status of the evidence; is that right?

THE DEFENDANT: Yes, sir.

MR. DEDE: And I told you that there could be greater consequences if you're convicted if you do testify and that under the Guidelines you could be punished further if the -- if the jury were to convict you and not believe you; is that right?

THE DEFENDANT: Yes, sir.

THE COURT: And I told you that you have the right to testify?

THE DEFENDANT: Yes, sir.

MR. DEDE: The right not to testify?

THE DEFENDANT: Yes, sir.

MR. DEDE: The judge can't comment on it, neither one of those people sitting over there can comment on it. I can't comment on it. And nobody can make you testify. I can't even make you testify.

THE DEFENDANT: No.

MR. DEDE: And your mother didn't think that you should testify?

THE DEFENDANT: Right.

MR. DEDE: I don't think that you should testify?

THE DEFENDANT: Right.

MR. DEDE: But given that fact, if you don't testify, there are certain matters of evidence that the jury is not going to hear that I consider to be important that we've discussed?

THE DEFENDANT: Right.

MR. DEDE: And so they are not going to hear some of that?

THE DEFENDANT: Right.

THE COURT: Wait a minute. We're not going over the whole case. You advised him of his rights.

MR. DEDE: Judge, it's my client, and I'm doing everything that I possibly can, with all due respect.

THE COURT: Fine. I don't want to hear all the discussion about every detail of everything you have said with your client. You advised him of his right to testify. You know, you didn't tell him also that when he takes that witness stand, they may bust him up pretty good too. But I don't want to go through all of that. So, I mean, the question is, he has a right to testify, nobody can take that away. It is his independent decision. Nobody can make him testify. And he's made that decision. Is that correct, Mr. Stolts?

THE DEFENDANT: Yes, sir.

THE COURT: And that's your decision?

THE DEFENDANT: Yes, sir.

THE COURT: Very well.

MR. DEDE: Do you think that I've given you enough advice and that we've talked about it enough?

THE DEFENDANT: Yes, sir.

THE COURT: Thank you. Bring the jury on. Bring the jury on. You can rest and we'll see where we are from that. We will have an instruction conference.

Tr. Transcript, Vol. II at 57-60.

The foregoing record shows that Movant was fully aware of his right to testify, or not to testify, and that the decision whether to testify was his to make. It is also clear that both Movant's attorney and his mother recommended that Movant not testify after they heard the evidence presented at the trial to that point. Movant's attorney noted that if Movant testified and the jury did not believe him, the consequences could be worse than if he did not testify. Movant's attorney specifically stated that if Movant did not testify, certain evidence the attorney considered to be important would not be brought to the jury's attention. Movant acknowledged that fact, but affirmed on the record his decision not to testify. Movant clearly and unequivocally waived his constitutional right to testify.

Movant cannot affirmatively state at trial his acquiescence in his counsel's advice that he not testify on his own behalf, only to later contend that his attorney prevented him from testifying when he wished to do so. See Bernloehr, 833 F.2d at 752. Based on the record, Movant cannot establish that his counsel's performance fell below the Strickland standard of reasonable professional assistance. As a result, this ground should be dismissed.

To the extent Movant alleges that counsel was ineffective for failing to call his mother as a witness, the ground also fails. "The decision not to call a witness is a virtually unchallengeable decision of trial strategy." United States v. Staples, 410 F.3d 484, 488 (8th Cir. 2005) (internal marks and cited cases omitted); see also Bowman v. Gammon, 85 F.3d 1339, 1345 (8th Cir. 1996) (noting that under Strickland, "decisions related to trial strategy are virtually unchallengeable"), cert. denied, 520 U.S. 1128 (1997). "To establish prejudice from counsel's failure to investigate a potential witness, a petitioner must show that the witness would have testified and that their testimony 'would have probably changed the outcome of the trial.'" Hadley v. Groose, 97 F.3d 1131, 1135 (8th Cir. 1996) (quoting Stewart v. Nix, 31 F.3d 741, 744 (8th Cir.1994)); Brown v.

United States, 656 F.2d 361, 364 (8th Cir. 1981) (§ 2255 movant must allege facts to support claim of failure to investigate); see also Sanders v. Trickey, 875 F.2d 205, 210 (8th Cir.) (appellant who filed a § 2254 motion but produced no affidavit from the witness in question or any other independent support for his claim failed to show prejudice because he offered only speculation that he was prejudiced by his counsel's failure to interview the witness, which was not enough to undermine confidence in the outcome of the trial, as required by Strickland), cert. denied, 493 U.S. 898 (1989).

Movant does not allege that his mother would have testified, or what the content of her testimony would have been. Movant has not submitted an affidavit from his mother or provided other independent support as to what her testimony would have been. As a result, Movant's allegation is mere speculation and he cannot establish either that counsel was ineffective for failing to call his mother as a witness, or that he was prejudiced as a result.

**Conclusion**

For the foregoing reasons, the Court finds that each of the grounds raised in Movant's Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 is without merit or is procedurally barred, and should be dismissed. Movant's request for an evidentiary hearing is denied.

Accordingly,

**IT IS HEREBY ORDERED** that movant David Stolts' Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 is **DENIED**. [Doc. 1]

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability as to any of the claims raised in Movant's § 2255 motion. See Slack v. McDaniel, 529 U.S. 473, 484-85 (2000); Miller-El v. Cockrell, 537 U.S. 322, 342 (2003).

An order of dismissal will accompany this memorandum and order.

_____
**CHARLES A. SHAW
UNITED STATES DISTRICT JUDGE**

Dated this  25th  day of March, 2010.